| Fill in this information to identify your case: |
|---|
| United States Bankruptcy Court for the: |
| DISTRICT OF DELAWARE |
| Case number *(if known)* _____  Chapter  **7** |
| ☐ Check if this an amended filing |

Official Form 201
# Voluntary Petition for Non-Individuals Filing for Bankruptcy    04/20

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.

| 1. | Debtor's name | **Interactive Health Holdings Corp.** |
|---|---|---|
| 2. | All other names debtor used in the last 8 years<br><br>Include any assumed names, trade names and *doing business as* names | |
| 3. | Debtor's federal Employer Identification Number (EIN) | **47-4354913** |
| 4. | Debtor's address | **Principal place of business**<br><br>**1700 E Golf Road**<br>**Suite 900**<br>**Schaumburg, IL 60173**<br>Number, Street, City, State & ZIP Code<br><br>**Cook**<br>County | **Mailing address, if different from principal place of business**<br><br>_____<br>P.O. Box, Number, Street, City, State & ZIP Code<br><br>**Location of principal assets, if different from principal place of business**<br><br>_____<br>Number, Street, City, State & ZIP Code |
| 5. | Debtor's website (URL) | **https://www.interactivehealthinc.com/** |
| 6. | Type of debtor | ■ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))<br>☐ Partnership (excluding LLP)<br>☐ Other. Specify: _____ |

Debtor  **Interactive Health Holdings Corp.**   Case number (*if known*) _____
        Name

7. **Describe debtor's business**   A. *Check one:*

   ☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))
   ☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))
   ☐ Railroad (as defined in 11 U.S.C. § 101(44))
   ☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))
   ☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))
   ☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))
   ■ None of the above

   B. *Check all that apply*

   ☐ Tax-exempt entity (as described in 26 U.S.C. §501)
   ☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. §80a-3)
   ☐ Investment advisor (as defined in 15 U.S.C. §80b-2(a)(11))

   C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes.
      __6219__

8. **Under which chapter of the Bankruptcy Code is the debtor filing?**

   *Check one:*

   ■ Chapter 7
   ☐ Chapter 9
   ☐ Chapter 11. *Check **all** that apply*:

   A debtor who is a "small business debtor" must check the first sub-box. A debtor as defined in § 1182(1) who elects to proceed under subchapter V of chapter 11 (whether or not the debtor is a "small business debtor") must check the second sub-box.

   ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,725,625. If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

   ☐ The debtor is a debtor as defined in 11 U.S.C. § 1182(1), its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $7,500,000, **and it chooses to proceed under Subchapter V of Chapter 11.** If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return, or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

   ☐ A plan is being filed with this petition.

   ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

   ☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

   ☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

   ☐ Chapter 12

9. **Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

   ■ No.
   ☐ Yes.

   If more than 2 cases, attach a separate list.

   | District | When | Case number |
   |---|---|---|
   | District | When | Case number |

10. **Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

    ☐ No
    ■ Yes.

    List all cases. If more than 1, attach a separate list

    Debtor  **See attachment**   Relationship _____
    District _____   When _____   Case number, if known _____

Official Form 201   **Voluntary Petition for Non-Individuals Filing for Bankruptcy**   page 2

Debtor  **Interactive Health Holdings Corp.**    Case number (*if known*) _____
   Name

| 11. | Why is the case filed in *this district*? | *Check all that apply:* |
|---|---|---|

- ■ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.
- ■ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

| 12. | Does the debtor own or have possession of any real property or personal property that needs immediate attention? | ■ No <br> ☐ Yes.  Answer below for each property that needs immediate attention. Attach additional sheets if needed. |
|---|---|---|

**Why does the property need immediate attention?** (*Check all that apply.*)

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.
   What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other

**Where is the property?** _____
   Number, Street, City, State & ZIP Code

**Is the property insured?**
☐ No
☐ Yes.  Insurance agency _____
         Contact name _____
         Phone _____

■ **Statistical and administrative information**

| 13. | Debtor's estimation of available funds | *Check one:* |
|---|---|---|

☐ Funds will be available for distribution to unsecured creditors.
■ After any administrative expenses are paid, no funds will be available to unsecured creditors.

| 14. | Estimated number of creditors (consolidated) | ☐ 1-49 <br> ☐ 50-99 <br> ☐ 100-199 <br> ☐ 200-999 | ■ 1,000-5,000 <br> ☐ 5001-10,000 <br> ☐ 10,001-25,000 | ☐ 25,001-50,000 <br> ☐ 50,001-100,000 <br> ☐ More than100,000 |
|---|---|---|---|---|
| 15. | Estimated Assets (consolidated) | ☐ $0 - $50,000 <br> ☐ $50,001 - $100,000 <br> ☐ $100,001 - $500,000 <br> ☐ $500,001 - $1 million | ☐ $1,000,001 - $10 million <br> ☐ $10,000,001 - $50 million <br> ☐ $50,000,001 - $100 million <br> ■ $100,000,001 - $500 million | ☐ $500,000,001 - $1 billion <br> ☐ $1,000,000,001 - $10 billion <br> ☐ $10,000,000,001 - $50 billion <br> ☐ More than $50 billion |
| 16. | Estimated liabilities (consolidated) | ☐ $0 - $50,000 <br> ☐ $50,001 - $100,000 <br> ☐ $100,001 - $500,000 <br> ☐ $500,001 - $1 million | ☐ $1,000,001 - $10 million <br> ☐ $10,000,001 - $50 million <br> ☐ $50,000,001 - $100 million <br> ■ $100,000,001 - $500 million | ☐ $500,000,001 - $1 billion <br> ☐ $1,000,000,001 - $10 billion <br> ☐ $10,000,000,001 - $50 billion <br> ☐ More than $50 billion |

Debtor **Interactive Health Holdings Corp.**
Name

Case number (*if known*) _____

### Request for Relief, Declaration, and Signatures

**WARNING** -- Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on **June 14, 2020**
MM / DD / YYYY

X **/s/ Matthew Manning**            **Matthew Manning**
Signature of authorized representative of debtor     Printed name

Title **Chief Restructuring Officer**

**18. Signature of attorney**

X **/s/ Matthew B. Lunn**            Date **June 14, 2020**
Signature of attorney for debtor                MM / DD / YYYY

**Matthew B. Lunn**
Printed name

**Young Conaway Stargatt & Taylor, LLP**
Firm name

**Rodney Square**
**1000 N. King Street**
**Wilmington, DE 19801**
Number, Street, City, State & ZIP Code

Contact phone **(302) 571-6600**   Email address _____

**4119 DE**
Bar number and State

Official Form 201        **Voluntary Petition for Non-Individuals Filing for Bankruptcy**        page 4

## Attachment 1

## Pending Bankruptcy Cases Filed by the Debtor and Affiliates of the Debtor

On the date hereof, each of the entities listed below filed a petition in this court for relief under chapter 7 of title 11 of the United States Code.

| Company | Tax ID # |
| --- | --- |
| Interactive Health Solutions, Inc. | 36-3798756 |
| Interactive Health Holdings Corp. | 47-4354913 |
| IHS Intermediate, Inc. | 45-3274172 |
| Health Solutions, Inc. | 52-1760944 |
| Health Solutions Services, Inc. | 20-2810325 |
| Interactive Health New York, LLC | 38-3922261 |

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

---------------------------------------------------------------x
:
:
**In re:** : **Chapter 7**
:
**Interactive Health Solutions, Inc.,**[1] : Case No. 20–_____ (\_\_\_)
:
      Debtor. :
:
:
:
---------------------------------------------------------------x
:
:
**In re:** : **Chapter 7**
:
**Interactive Health Holdings Corp.,** : Case No. 20–_____ (\_\_\_)
:
      Debtor. :
:
:
:
---------------------------------------------------------------x
:
:
**In re:** : **Chapter 7**
:
**IHS Intermediate, Inc.,** : Case No. 20–_____ (\_\_\_)
:
      Debtor. :
:
:
:
---------------------------------------------------------------x
:
:
**In re:** : **Chapter 7**
:
**Interactive Health New York, LLC,** : Case No. 20–_____ (\_\_\_)
:
      Debtor. :
:
:
:
---------------------------------------------------------------x

---

[1] The debtors in the above captioned chapter 7 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Interactive Health Solutions, Inc.(8756); Interactive Health Holdings Corp. (4913); IHS Intermediate, Inc. (4172); Interactive Health New York, LLC (2261); Health Solutions, Inc. (0944); and Health Solutions Services, Inc. (0325). The address of the first four debtors is 1700 East Golf Road, Suite 900 Schaumburg, Illinois 60173 while the address of the last two debtors is 11409 Cronhill Drive, Suite K-R, Owings Mills, Maryland 21117.

26597121.2

```
-------------------------------------------------------------------x
                                                                   :
                                                                   :
In re:                                                             :  Chapter 7
                                                                   :
Health Solutions, Inc.,                                            :  Case No. 20–_____ (___)
                                                                   :
            Debtor.                                                :
                                                                   :
                                                                   :
-------------------------------------------------------------------x
                                                                   :
                                                                   :
In re:                                                             :  Chapter 7
                                                                   :
Health Solutions Services, Inc.,                                   :  Case No. 20–_____(___)
                                                                   :
            Debtor.                                                :
                                                                   :
                                                                   :
-------------------------------------------------------------------x
```

**CONSOLIDATED CORPORATE OWNERSHIP STATEMENT
AND LIST OF EQUITY INTEREST HOLDERS PURSUANT
TO FED. R. BANKR. P. 1007(a)(1), 1007(a)(3), AND 7007.1**

Pursuant to Rules 1007(a)(1), 1007(a)(3), and 7007.1 of the Federal Rules of Bankruptcy Procedure, Interactive Health Solutions, Inc. and its affiliated debtors and debtors in possession (collectively, the "Debtors" and each, a "Debtor") in the above-captioned chapter 7 cases hereby state as follows:

1. The following entities own 10% or more of any class of equity of Interactive Health Holdings Corp.

| Name | Class | Amount | Address |
|---|---|---|---|
| FFL Capital Partners IV, L.P. | Class A | 75,749 | One Maritime Plaza Suite 220 San Francisco, CA 94111 |
| FFL Parallel Fund IV, L.P. | Class A | 49,600 | One Maritime Plaza Suite 220 San Francisco, CA 94111 |
| FFL Parallel Fund IV (DE), L.P. | Class A | 24,351 | One Maritime Plaza Suite 220 San Francisco, CA 94111 |

26597121.2

2

| Name | Class | Amount | Address |
|---|---|---|---|
| William Goldberg | Class B | 701 | 25 Old Green Road Winnettka, IL 60093 |

The following entities and individuals own the remainder of the equity of Interactive Health Holdings Corp.

| Name | Class | Amount | Address |
|---|---|---|---|
| FFL Parallel Fund IV (DE-II), L.P. | Class A | 2,302 | One Maritime Plaza Suite 220 San Francisco, CA 94111 |
| FFL Individual Partners Fund IV, L.P. | Class A | 1,624 | One Maritime Plaza Suite 220 San Francisco, CA 94111 |
| FFL Executive Partners Fund IV, L.P. | Class A | 1,164 | One Maritime Plaza Suite 220 San Francisco, CA 94111 |
| Cathy Kenworthy | Class A | 1,758 | 223 W Menomonee St Chicago, IL 60614 |
| Tim Hardy | Class A | 926 | 876 Elm Street Sugar Grove, IL 60554 |
| David West | Class A | 300 | 4507 Mount Carmel Road Hampstead, MD 21074 |
| Charlie Estey | Class A | 254 | 6346 Pinemont Drive Brighton, MI 48116 |
| Stacey Nevara | Class A | 249 | 1205 N Elmwood Ave Oak Park, IL 60302 |
| Steve McConnell | Class A | 230 | 458 W Grantley Ave Elmhurst, IL 60126 |
| Carrie Green | Class A | 221 | 3705 Birchmere Owing Mills, MD 21117 |
| Mark Coutre | Class A | 191 | 419 Maple Street Winnettka, IL 60093 |
| Jim Kasoff | Class A | 150 | 2410 Crestnoll Road Reisterstown, MD 21136 |
| Donna Furlan | Class A | 100 | 10 Elizabeth Way Carlisle, PA 17013 |
| Chris Parks | Class A | 91 | 1419 Brandy Circle Naperville, IL 60540 |
| Debbie Johnston | Class A | 24 | 1026 Kiefer Ridge Dr. Ballwin, MO 63021 |
| Jane Ruppert | Class A | 40 | 1421 Juliet Lane Libertyville, IL 60048 |
| Michelle Weaver | Class A | 6 | 1821 2nd Place St. Charles, IL 60174 |

2. Debtor Interactive Health Holdings Corp. owns 100% of the common stock equity interest in Debtor IHS Intermediate, Inc. and indirectly owns 100% of the equity interests in the remaining Debtors.

3. Debtor IHS Intermediate, Inc. owns 100% of the common stock equity interest in Debtor Interactive Health Solutions, Inc. and indirectly owns 100% of the equity interests in the remaining Debtors.

4. Debtor Interactive Health Solutions, Inc. owns 100% of the common stock equity interest in Debtors Interactive Health New York, LLC, Health Solutions, Inc., and Health Solutions Services, Inc.

**Fill in this information to identify the case:**

Debtor name: **Interactive Health Holdings Corp.**

United States Bankruptcy Court for the: DISTRICT OF DELAWARE

Case number (if known): _____

☐ Check if this is an amended filing

Official Form 202
# Declaration Under Penalty of Perjury for Non-Individual Debtors  12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

- ☐ *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)
- ☐ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)
- ☐ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)
- ☐ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)
- ☐ *Schedule H: Codebtors* (Official Form 206H)
- ☐ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)
- ☐ Amended *Schedule* _____
- ☐ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)
- ■ Other document that requires a declaration   **Corporate Ownership Statement**

I declare under penalty of perjury that the foregoing is true and correct.

Executed on **June 14, 2020**      X **/s/ Matthew Manning**
                                        Signature of individual signing on behalf of debtor

                                        **Matthew Manning**
                                        Printed name

                                        **Chief Restructuring Officer**
                                        Position or relationship to debtor

# UNANIMOUS WRITTEN CONSENT
# OF THE
# BOARD OF DIRECTORS
# OF
# INTERACTIVE HEALTH HOLDINGS CORP.

June 14, 2020

The undersigned, being all of the members of the board of directors (the "Board") of Interactive Health Holdings Corp., a Delaware corporation (the "Company"), hereby vote for, adopt, approve, and consent to the following resolutions by written consent without a meeting in accordance with the Delaware General Corporation Law:

**WHEREAS**, the Board has considered the financial and operational condition of the Company and the Company's business on the date hereof, the assets of the Company, the current and long-term liabilities of the Company, and the recommendations of the Company's legal and restructuring advisors as to the relative risks and benefits of pursuing a bankruptcy proceeding under the provisions of title 11 of the United States Code (the "Bankruptcy Code"); and

**WHEREAS**, the Board has determined that it is in the best interests of the Company and the Company's stakeholders, creditors, and other interested parties to commence a case under chapter 7 the Bankruptcy Code.

**NOW, THEREFORE, BE IT:**

**RESOLVED**, that, in the judgment of the Board, it is desirable and in the best interests of the Company, the creditors of the Company, and other interested parties that a voluntary petition (the "Petition") be filed by the Company under the provisions of chapter 7 of the Bankruptcy Code; and it is further

**RESOLVED**, that the officers of the Company (each, an "Authorized Officer," and collectively, the "Authorized Officers") be, and each hereby is, authorized, directed, and empowered (i) to execute and verify the Petition and all documents ancillary thereto, and to cause the Petition to be filed with the United States Bankruptcy Court for the District of Delaware, such Petition to be filed at such time as an Authorized Officer shall determine and to be in the form approved by the Authorized Officer, with the execution thereof by any such Authorized Officer being conclusive evidence of the approval thereof by the Authorized Officers; (ii) to make or cause to be made prior to the execution thereof any modifications to the Petition or such ancillary documents that, in the judgment of the Authorized Officers, may be necessary, appropriate, or desirable, and (iii) to execute, verify, and file or cause to be filed all other petitions, schedules, lists, motions, applications, declarations, affidavits, and other papers or documents that, in the judgment of the Authorized Officers, may be necessary, appropriate, or desirable in connection with the foregoing; and it is further

**RESOLVED**, that the law firm of Young Conaway Stargatt & Taylor, LLP is authorized and empowered to represent the Company as its general bankruptcy counsel on the terms set forth in its engagement letter with the Company, which is hereby ratified and approved, and to represent and assist the Company in carrying out its duties under title 11 of the Bankruptcy

2

Code, and to take any and all actions to advance the Company's rights, including, without limitation, the preparation of certain documents to be filed simultaneously with the Petition or during the bankruptcy case; and it is further

**RESOLVED**, that the Authorized Officers be, and each hereby is, authorized, directed, and empowered from time to time to take such actions and execute and deliver such documents as may be required or as the Authorized Officers may determine to be necessary, appropriate, or desirable to carry out the intent and purpose of the foregoing resolutions or to obtain the relief sought thereby, including without limitation the execution and delivery of any petitions, schedules, lists, declarations, affidavits, and other papers or documents, with all such actions to be taken in such manner, and all such petitions, schedules, lists, declarations, affidavits, and other papers or documents to be executed and delivered in such form as the Authorized Officers shall approve, the taking or execution thereof by any Authorized Officer being conclusive evidence of the approval thereof by the Authorized Officers; and it is further

**RESOLVED**, that all of the acts and transactions relating to matters contemplated by the foregoing resolutions, which acts and transactions would have been authorized and approved by the foregoing resolutions except that such acts and transactions were taken prior to the adoption of such resolutions, be, and they hereby are, in all respects confirmed, approved, and ratified.

*[Remainder of Page Intentionally Left Blank]*

**IN WITNESS WHEREOF**, the undersigned, being all of the members of the Board hereby execute this written consent effective as of the date first written above.

**BOARD OF DIRECTORS:**

/s/ Jonathon Bunt
Jonathon Bunt

/s/ Vita Cassese
Vita Cassese

/s/ William Goldberg
William Goldberg

/s/ Aaron Money
Aaron Money

/s/ David Eaton
David Eaton

*Signature Page to Interactive Health Holdings Corp. – Board Consent (ch. 7 filing)*

B2030 (Form 2030) (12/15)

# United States Bankruptcy Court
### District of Delaware

In re **Interactive Health Holdings Corp.**  Case No.
Debtor(s)  Chapter **7**

## DISCLOSURE OF COMPENSATION OF ATTORNEY FOR DEBTOR(S)

1. Pursuant to 11 U.S.C. § 329(a) and Fed. Bankr. P. 2016(b), I certify that I am the attorney for the above named debtor(s) and that compensation paid to me within one year before the filing of the petition in bankruptcy, or agreed to be paid to me, for services rendered or to be rendered on behalf of the debtor(s) in contemplation of or in connection with the bankruptcy case is as follows:

   | | |
   |---|---|
   | For legal services, I have agreed to accept | $ **1,268,316.65** |
   | Prior to the filing of this statement I have received | $ **1,118,316.65** |
   | Balance Due | $ **150,000.00** |

2. The source of the compensation paid to me was:

   ■ Debtor   ☐ Other (specify):

3. The source of compensation to be paid to me is:

   ■ Debtor   ☐ Other (specify):

4. ■ I have not agreed to share the above-disclosed compensation with any other person unless they are members and associates of my law firm.

   ☐ I have agreed to share the above-disclosed compensation with a person or persons who are not members or associates of my law firm. A copy of the agreement, together with a list of the names of the people sharing in the compensation is attached.

5. In return for the above-disclosed fee, I have agreed to render legal service for all aspects of the bankruptcy case, including:

   a. Analysis of the debtor's financial situation, and rendering advice to the debtor in determining whether to file a petition in bankruptcy;
   b. Preparation and filing of any petition, schedules, statement of affairs and plan which may be required;
   c. Representation of the debtor at the meeting of creditors and confirmation hearing, and any adjourned hearings thereof;
   d. [Other provisions as needed]

6. By agreement with the debtor(s), the above-disclosed fee does not include the following service:
   **Representation of the debtors in any dischargeability actions, judicial lien avoidances, relief from stay actions or any other adversary proceeding.**

### CERTIFICATION

I certify that the foregoing is a complete statement of any agreement or arrangement for payment to me for representation of the debtor(s) in this bankruptcy proceeding.

| | |
|---|---|
| **June 14, 2020** | **/s/ Matthew B. Lunn** |
| Date | **Matthew B. Lunn** |
| | *Signature of Attorney* |
| | **Young Conaway Stargatt & Taylor, LLP** |
| | **Rodney Square** |
| | **1000 N. King Street** |
| | **Wilmington, DE 19801** |
| | **(302) 571-6600  Fax: (302) 571-1253** |
| | *Name of law firm* |